IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

          Plaintiff,        CR. NO. S-07-0360 EJG
                                  CIV. NO. S-09-2073 EJG

     v.

                            ORDER DENYING MOTION FOR
BENJAMIN LOZANO ROSAS,          REDUCTION OF SENTENCE;
                            DENIAL OF CERTIFICATE
          Defendant.       OF APPEALABILITY
_____/

    Defendant, a federal prisoner proceeding pro se, has filed a motion to reduce his sentence pursuant to 28 U.S.C. § 2255. After reviewing the record, the documents filed in connection with the motion and the applicable law, the court has determined the motion may be decided without an evidentiary hearing because the files and records of the case affirmatively show the factual and legal invalidity of defendant's arguments.  Shah v. United States, 878 F.2d 1156, 1158-59 (9th Cir. 1989).  For the reasons that follow, the motion is DENIED.

///

///

1

## Background

1     Defendant was convicted August 8, 2008 pursuant to his plea

2 of guilty to one count of manufacturing at least 1000 marijuana

3 plants, in violation of 21 U.S.C. § 841(a)(1).  The plea

4 agreement provided, among other things, that defendant waived his

5 rights to appeal and collaterally attack his conviction and

6 sentence.  (Plea Agreement, 7:1-13, attached as exhibit A.)

7 Defendant was sentenced October 17, 2008 to a term of 120 months

8 incarceration and 60 months supervised release.  Now, almost a

9 year after his conviction and despite the express language of his

10 plea agreement, defendant has filed the instant § 2255 motion

11 seeking to reduce his sentence.

## Discussion

12     In his motion defendant argues he has been denied various

13 reductions of sentence based on his status as an illegal alien.

14 Specifically, defendant requests a two-point reduction or

15 downward departure of his sentence and states that, in return, he

16 will accept an order of final deportation.

17     Defendant's motion is barred by the terms of the plea

18 agreement.  First, he waived the right to collaterally attack his

19 sentence pursuant to § 2255 as part of his plea agreement.  Plea

20 Agreement, 7:9-13. Defendant's waiver of his appellate rights is

21 enforceable as long as the waiver encompasses the grounds raised

22 in the challenge and is knowingly and voluntarily made.  United

23 States v. Joyce, 357 F.3d 921, 922-23 (9th Cir. 2004) (upholding

2

waiver of appellate rights); <u>United States v. DeJarnette</u>, 63 Fed.
Appx. 284 (9th Cir. 2003) (upholding waiver of appeal and
collateral attack).

Here, defendant's waiver is broad and clearly encompasses
the collateral attack set out in his § 2255 motion.  Instead of
providing a limited waiver, the language of the plea agreement
contains a broad, all-encompassing waiver giving up "<u>any</u> right he
may have to bring a post-appeal attack on his conviction or his
sentence."  Plea Agreement, 7:10-13 (emphasis added).  Finally,
defendant has not shown that his waiver was either involuntary or
unknowing.  The plea agreement is clear in its expression of the
waiver and defendant cannot legitimately contend he did not know
its meaning where the agreement bears his signature, and he was
specifically questioned by the court about his understanding of
the waiver during the plea colloquy.

Second, the plea agreement stated and the court orally
advised defendant that the ***mandatory minimum*** term of
incarceration for the offense to which he pled guilty is 120
months.  Plea Agreement, 6:7-9.  Third, as part of his plea
agreement, defendant agreed not to seek or argue in support of
any specific offense characteristic other than acceptance of
responsibility, or move for or argue in support of any departure
from the Sentencing Guidelines.  Plea Agreement, 6:10-18.

///

///

Conclusion

For all of these reasons, defendant's motion to reduce his sentence pursuant to § 2255 of Title 28 of the United States Code is DENIED.  The Clerk of Court is directed to close companion case CIV. NO. S-09-2073 EJG.

Certificate of Appealability

Pursuant to recent Ninth Circuit authority, the court addresses the issue of *certificate of appealability* as part of the ruling on the post-conviction motion.  In a § 2255 proceeding, "an applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253( c )."  Fed. R. App. P. 22(b).  Such certification may issue "only if [defendant] has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b)(1).

For all of the reasons stated above, defendant has not made a substantial showing of the denial of a constitutional right.  A certificate of appealability will not issue.

IT IS SO ORDERED.

Dated: July 30, 2009

/s/ Edward J. Garcia
EDWARD J. GARCIA, JUDGE
UNITED STATES DISTRICT COURT

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26